UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Comprehensive Collections
as Assignee for Immanuel
Lutheran School, Judgment
Creditor,

        Plaintiff,

vs.                       REPORT AND RECOMMENDATION

Philip R. Anderson,

        Defendant.       Civ. No. 09-2690 (JNE/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Defendant Philip R. Anderson for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Defendant's IFP Application be denied, and that the action be summarily remanded to the Minnesota District Court for Cass County.

## II. Factual and Procedural Background

On September 28, 2009, the Defendant Philip R. Anderson ("Anderson") filed a Notice of Removal, attempting to remove to Federal Court an action originating in the Minnesota District Court for Cass County. See, Docket No. 1. Anderson did not pay the $350.00 filing fee that is required for a removal to Federal Court, but instead, he filed the IFP Application that is now before us.

The Notice of Removal discloses that the Plaintiff has initiated a garnishment action, wherein it is attempting to collect on a Judgment obtained against Anderson, and his wife, KiOk Anderson. Id. at p. 1. Accordingly, on August 21, 2009, the Plaintiff attempted to levy upon a bank account maintained by Anderson at the Riverwood Bank, in Walker, Minnesota. Id. at p. 5. In response, Anderson asserted that the funds, which were held in his bank account, were exempt from garnishment by virtue of his receipt of Medical Assistance and Social Security. Id. at p. 6.

Anderson alleges that the Plaintiff has attempted to garnish him on multiple occasions even though it is aware that he is exempt from garnishment. Id. at p. 1, ¶3. Anderson maintains that we have jurisdiction over this action because the Plaintiff has violated Federal law in its attempt to collect on the Judgment. Id. at p. 2, ¶5. Specifically, the Anderson alleges as follows:

5. This is a civil action over which this Court has original jurisdiction pursuant their [sic] being violations of federal law and federal questions involving the federal Truth in Lending Act and the Fair Credit Billing and Collection Act. Further this Court should take jurisdiction of this matter, since, but not limited to Plaintiff assignee and its counsel recklessly disregard and are willfully indifferent to their notice requirements to Defendants pursuant to 15 USC 1692k(a)(3), subsection 813(a)(3), since at no time did Plaintiff's counsel give Defendant or his state counsel the notice requirements, as a debt collector, of said federal laws."[1]

\* \* \*

8. Defendant Anderson needs appointment of counsel in this matter pursuant to 29 USC 1915 since I do not know how to proceed for the per se violations by Plaintiff and others of my rights pursuant to said federal credit and collection laws and my due process rights to a civil action against Plaintiff and others pursuant to the 1st, 5th and 14th Amendments to the U.S. Constitution.

9. Further, Defendant Anderson alleges that Mn.St. 571.72(sub 4)(Sub 6) are unconstitutional on its [sic] face and as applied against Defendants in that, but not limited to, it allows the Plaintiff to make multiple garnishments against Defendants, after we have timely served Plaintiff with exemptions to same, without any remedy of federal or state law which denies Defendants their due process rights

---

[1]Here, Anderson is referring to the Fair Debt Collection Practices Act ("FDCPA"), which is codified at Title 15 U.S.C. §§1692-1692p, and which creates a cause of action, and imposes civil liability, for abusive tactics that are undertaken by debt collectors in violation of the Statute's provisions.

> to a civil action and their civil rights to a federal cause of
> action in violation of the provisions of 15USC 1692.

<u>Id.</u> at p. 2,¶¶5, 8-9.

In our initial review of Anderson's IFP Application, we found his Notice of Removal deficient, in that it failed to attach all process, pleadings, and Orders from the State Court action, and because it appeared that the other Defendant to the State Court action, namely his wife KiOk Anderson, had not joined in the Removal. See, <u>Order, Docket No. 3</u>, p. 3-4. We noted that, without those papers, we could not properly assess whether the action was removable. <u>Id.</u> at p.3.

In addition, we found that it was highly doubtful that this Court had subject matter jurisdiction over the case, based upon the limited information available in Anderson's Notice of Removal. <u>Id.</u> at p. 5. Accordingly, we entered an Order requiring Anderson to submit copies of all process, pleadings and Orders that had been served upon him in the State Court proceeding, proof that all of the Defendants to the State Court action had consented to removal, and a Memorandum explaining why the Plaintiff could have properly commenced this action in Federal Court. <u>Id.</u> at p. 7. Further, we advised Anderson of the consequences for failing to comply with the directives of our Order, as follows:

> The Defendant will be given twenty (20) days to comply with the foregoing requirements. He must fully comply with all three of the requirements of this Order in a timely manner. If he fails to do so, he will be deemed to have abandoned his effort to remove this case, and we will recommend that the case be summarily remanded to the State Court.

Id.

Twenty (20) days have since passed, and Anderson has failed to lodge any response to our Order.

### III. Discussion

Initially, we note that Anderson has not complied with the elemental requirements for removal that are prescribed by the applicable Federal Statute, Title 28 U.S.C. §1446(a), which provides, as follows --

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action**.

[emphasis added].

As noted, we have already provided an opportunity for Anderson to remedy that defect in his filings. However, he has failed to provide the necessary papers, or otherwise respond to our Order.[2]

Moreover, Anderson has not established that this case is removable to Federal Court. In relevant part, Title 28 U.S.C. §1441(a), which governs the removal of State Court matters to Federal Court, provides as follows:

> Except as otherwise expressly provided by Act of Congress, **any civil action brought in a State court of which the district courts of the United States have original jurisdiction,** may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[emphases added].

Following removal, a case will be remanded to State Court "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction * * *.'" Lundeen v. Canadian Pacific Railway Co., 342 F. Supp.2d 826, 828 (D. Minn.

---

[2]In our initial Order, we also directed Anderson to provide evidence that all of the Defendants had consented to the Removal. Anderson did not provide any proof in that respect. However, it is not clear whether the Defendant's wife, KiOk Anderson, is a party to the garnishment action. See, Notice of Removal, at p. 5. Accordingly, we do not base our recommendation on that specific ground.

2004), quoting Title 28 U.S.C. §1447(c); see also, Stengrim v. The Northwestern Mutual Life Ins. Co., 2004 WL 2390070 at *2 (D. Minn., October 25, 2004).

Accordingly, "[a] district court should sua sponte remand a case any time it determines that it lacks subject matter jurisdiction." Hormel HealthLabs, Inc. v. Ventura Foods, LLC, 2004 WL 2526423 at *1 (D. Minn., November 4, 2004), citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1066 (8th Cir. 2000). Furthermore, "[t]he party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction," and **"a court must resolve all doubts about federal jurisdiction in favor of remand**." Stengrim v. The Northwestern Mutual Life Ins. Co., supra at *2 [emphases added]; see also, Peterson v. BASF Corporation, 12 F. Supp.2d 964, 968 (D. Minn. 1998), citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Given the Record before us, we are unable to find any basis for Federal subject matter jurisdiction in this case. As previously noted, Anderson filed a Notice of Removal, in which he asserted that Federal subject matter jurisdiction was predicated on the basis of Federal question jurisdiction. See, Title 28 U.S.C. §1331. However, given the limited information that we have, we conclude that there is no jurisdiction

under the Federal Question Statute, because it does not appear that this action could have been commenced in Federal Court.

"'Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant'" and, "[a]bsent diversity of citizenship, federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also, Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A., 139 F. Supp.2d 1117, 1118 (D. Minn. 2001), citing In re Otter Tail Power Co., 116 F.3d 1207, 1213 (8th Cir. 1997); see also, Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542-43 (8th Cir. 1996); Central Iowa Power Co-Op v. Midwest Independent Transmission System, 561 F.3d 904, 912 (8th Cir. 2009)("Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court."), citing Title 28 U.S.C. §1441(b), and Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001).

Here, the original Complaint, filed by the Plaintiff in State Court, appears to be predicated entirely upon the State laws which authorize the garnishment of Bank

Accounts. See, Minnesota Statutes Sections 571.911-571.915, 571.72. Anderson has not identified, nor are we aware of any Federal authority, on which the garnishment action could otherwise be predicated. If this action could not have been brought in Federal Court at the outset, then it cannot be removed to Federal Court now. We recognize that Anderson appears to be attempting to assert various defenses, and may also be contemplating certain counterclaims, that are based on Federal law. However, "[a] federal defense * * * does not give the defendant the right to remove to federal court." Gaming Corp. of Am. v. Dorsey & Whitney, supra at 542-43; see also, Moline Machinery, Ltd. v. Pillsbury Co., 259 F. Supp.2d 892, 896 (D. Minn. 2003), quoting Magee v. Exxon Corp., supra at 601.

Furthermore, "[i]t is well-established that a defendant cannot remove based on a counterclaim." Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A., supra at 1118 [citations omitted]; see also, Cooper v. Washington Mutual Bank, 2003 WL 1563999 at *1 (N.D. Cal., March 19, 2003)("The existence of a defense or counterclaim that raises a federal question cannot ground federal question jurisdiction on removal."). The apposite Federal statutes, and cases, clearly mandate that the removability of a case is determined by the plaintiff's pleading -- and not by the defendant's defenses, and counterclaims. Therefore, this action will not be removable

unless Anderson can show that the Plaintiff's pleading could have been properly filed, and entertained in Federal Court, at the outset of this case. Anderson has not satisfied that burden.

Moreover, the Complaint, on its face, discloses that the Plaintiff, and Anderson, appear to be citizens of the State of Minnesota. Given those deficiencies, the Court's subject matter jurisdiction cannot be predicated upon Title 28 U.S.C. §1332, because there is likely incomplete diversity of citizenship. See, Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004)("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id., citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978).

Therefore, on the face of the Notice of Removal, as well as Anderson's failure to otherwise explain or remedy the deficiencies in his filings, he has not satisfied his burden of establishing the removability of this action. Accordingly, we recommend that this case be summarily remanded to the Minnesota District Court for Cass

County, for lack of subject matter jurisdiction and for lack of prosecution. We further recommend that Anderson's IFP Application be denied, as moot.[3]

NOW, THEREFORE, It is --

RECOMMENDED:

1.	That this case be summarily remanded to the Minnesota District Court for Cass County, for lack of subject matter jurisdiction.

2.	That the Defendant's Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Dated: December 3, 2009                                  *s/Raymond L. Erickson*
                                                        Raymond L. Erickson
                                                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

---

[3]We express no opinion as to the merits of the Anderson's claims or defenses. We simply note that, should he wish to pursue those claims, he must either assert them in the State Court, as the Court of proper jurisdiction over that action, or he must file a separate case, asserting his claims. However, we cannot entertain those claims here.

filing with the Clerk of Court, and by serving upon all parties **by no later than December 17, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **December 17, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.